94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith A. BURGDORFER, Defendant-Appellant.
 No. 95-30098.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Aug. 9, 1996.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and REA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Keith A. Burgdorfer pleaded guilty to manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5841, and he agreed to the forfeiture of his real and personal property pursuant to 21 U.S.C. § 853. Burgdorfer's guilty pleas were conditional pursuant to Fed.R.Crim.P. 11(a)(2), preserving his right to appeal the district court's denial of his pre-trial motion to suppress evidence. We affirm the district court's order denying the motion to suppress because the information in the agent's affidavit that was lawfully obtained established probable cause to support the issuance of the search warrant.
 
 
 4
 We will not repeat the facts here because the parties are familiar with them.
 
 
 5
 Burgdorfer contends that certain information was gathered by a DEA agent in violation of his constitutional rights, and that the information was improperly used to secure a search warrant that led to the discovery of the incriminating evidence. The only issue that Burgdorfer presents for our review is whether use of a thermal imaging device by a Drug Enforcement Administration special agent constituted a search because it invaded the curtilage of defendant's home. At oral argument, Burgdorfer's attorney disclaimed any contention that the use of a thermal imaging device to detect heat emanating from a building constitutes a search of that building. We therefore do not rule on that question.
 
 
 6
 The question argued to us is whether the agent who employed the thermal imaging device violated the Fourth Amendment by invading the curtilage of defendant's residence when he took the thermal imaging readings.
 
 
 7
 The lawfulness of a search is a mixed question of law and fact that we review de novo. See United States v. Turner, 28 F.3d 981, 983 (9th Cir.1994), cert. denied, 115 S.Ct. 1117 (1995). We review for clear error the district court's factual findings with regard to a motion to suppress. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994).
 
 
 8
 We will assume, without deciding, that the agent was within the curtilage when he stood behind the garage and within the fence surrounding the house and the garage. See United States v. Depew, 8 F.3d 1424, 1427-28 (9th Cir.1993) (finding that area near garage was within curtilage). Therefore, any readings that the agent took from this area should be considered as redacted from the affidavit presented to the magistrate for issuance of the search warrant. If there is sufficient information in the affidavit, however, absent these readings to establish probable cause, then the search warrant is still valid. See United States v. Johns, 948 F.2d 599, 603 (9th Cir.1991), cert. denied, 505 U.S. 1226 (1992); United States v. Grandstaff, 813 F.2d 1353, 1355-56 (9th Cir.), cert. denied, 484 U.S. 837 (1987).
 
 
 9
 The district court did not err in finding that the agent took other readings while standing outside of the curtilage. Although the garage may have been within the curtilage, and therefore the area near the garage within the fence would also be curtilage, the curtilage area does not extend outside of the fence surrounding the house. The agent took the additional readings while standing in an open field. See Oliver v. United States, 466 U.S. 170, 179 (1984) (Fourth Amendment does not protect individuals from searches of "open fields"); see also United States v. Dunn, 480 U.S. 294, 300 (1987) (major concern in deciding whether area is curtilage is "whether an individual reasonably may expect that the area in question should be treated as the home itself"). Therefore these readings can be considered in the determination of whether the affidavit presented sufficient facts to establish probable cause to believe that contraband or evidence of crime would be found within the premises to be searched.
 
 
 10
 In addition, the agent received an anonymous tip that defendant was involved in marijuana production; the agent smelled the odor of marijuana from the pasture area; and the agent heard the sound of a blower or exhaust fan. We find that the readings taken outside the fence, the odor, the sound of the blower, and the anonymous tip, without any reliance upon the one reading taken within the curtilage, established probable cause and supported the issuance of the search warrant. See, e.g., Illinois v. Gates, 462 U.S. 213, 238 (1983) (finding that anonymous information coupled with independent corroboration of predicted activity, even though innocent on its face, can establish probable cause under totality-of-the-circumstances analysis). The judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3